**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ROBERT JACKSON**<br>2725 Shoreland Drive<br>Atlanta, Georgia 30331<br><br>        Plaintiff,<br><br>vs.<br><br>**TRANSPORT CORPORATION OF AMERICA, INC.**<br>c/o Eric Anson, CEO<br>1715 Yankee Doodle Road<br>Suite 100<br>Eagan, Minnesota 55121<br><br>*Also serve at:*<br>Corporation Service Company<br>135 North Pennsylvania Street, Suite 1610<br>Indianapolis, Indiana 46204<br><br>and<br><br>**THELMA L. WOODS**<br>4405 Forbes Street<br>Fort Worth, Texas 76105<br><br>        Defendants. | CIVIL ACTION<br>FILE NO.:<br><br><br>JUDGE:<br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**COMES NOW** Plaintiff, Robert Jackson (hereinafter "Plaintiff"), and files this Complaint against Defendants, Transport Corporation of America, Inc. (hereinafter "Defendant Transport America") and Thelma L. Woods (hereinafter "Defendant Woods"), and shows this Honorable Court the following:

## INTRODUCTION

1.

This lawsuit arises due to a commercial motor vehicle collision that occurred on July 10, 2019 in Seville, Medina County, Ohio.

## VENUE AND JURISDICTION

2.

Venue is proper in the Northern District of Ohio because Plaintiff's injuries resulting from the commercial motor vehicle collision involving Defendant Transport America and Defendant Woods occurred in this District.

3.

This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

## PARTIES

4.

Plaintiff is a Georgia citizen residing in Fulton County, Georgia.

5.

Defendant Transport America is a foreign Minnesota corporation with its principal place of business located in Eagan, Minnesota.  Defendant Transport America can be served with process by serving its Chief Executive Officer, Eric Anson, 1715 Yankee Doodle Road, Suite 100, Eagan, Minnesota 55121.

6.

Upon information and belief, Defendant Woods is a Texas citizen residing at 4405 Forbes Street, Fort Worth, Texas 76105.

## **FACTUAL ALLEGATIONS**

7.

Paragraphs 1 through 6 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

8.

On or about July 10, 2019, and at all times relevant herein, Defendant Transport America individually and/or jointly owned, leased or rented the commercial motor vehicle being operated by Defendant Woods.

9.

On or about July 10, 2019, and at all times relevant herein, Defendant Transport America was engaged in a for-profit business and hired drivers, like Defendant Woods, to operate its commercial motor vehicle(s) within the United States, including within the State of Ohio.

10.

On or about July 10, 2019, and at all times relevant herein, Defendant Transport America was a motor common carrier engaged in intrastate and interstate commerce, and Defendant Transport America and its driver, Defendant Woods, were required to comply with the applicable transportation safety rules and regulations as prescribed by U.S. Department of Transportation and Ohio Department of Public Safety.

11.

On or about July 10, 2019, and at all times relevant herein, Defendant Woods was an agent and/or employee of Defendant Transport America.

12.

On or about July 10, 2019, and at all times relevant herein, Defendant Woods was acting within the scope of her employment/agency with Defendant Transport America when she operated the commercial motor vehicle involved in the collision that is the subject of this litigation.

13.

On or about July 10, 2019, and at all times relevant herein, Defendant Transport America permitted Defendant Woods to operate the commercial motor vehicle involved in the collision that is the subject of this litigation.

14.

On or about July 10, 2019, and at all times relevant herein, Plaintiff was in the sleeper berth of the commercial motor vehicle that he legally parked at TravelCenters of America in Seville, Medina County, Ohio.

15.

On or about July 10, 2019, and at all times relevant herein, Defendant Woods was operating a commercial motor vehicle owned, leased or rented by Defendant Transport America at the aforementioned TravelCenters of America in Seville, Medina County, Ohio when she suddenly, unexpectedly, carelessly and negligently crashed into the commercial motor vehicle occupied by Plaintiff.

16.

As a direct and proximate result of the collision, Plaintiff suffered catastrophic injuries including, but not limited to, injuries to his neck and back, and his neck injury required surgery.

17.

As a direct and proximate result of Defendant Wood's negligence, Plaintiff suffered catastrophic physical injuries, extensive mental and physical pain and suffering, loss of enjoyment of life, duties under duress, reasonable and necessary medical expenses in an amount yet to be determined, further reasonable and necessary medical expenses to be incurred in the future, out of pocket expenses and lost wages.

## **COUNT ONE: ORDINARY NEGLIGENCE**

18.

Paragraphs 1 through 17 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

19.

At the time and place of the collision, and at all times relevant herein, Defendant Woods owed Plaintiff a duty to exercise reasonable and ordinary care for his safety in the operation of Defendant Transport America's owned, leased or rented commercial motor vehicle.

20.

Defendant Woods breeched that duty by carelessly and negligently operating Defendant Transport America's owned, leased or rented commercial motor vehicle in failing to properly negotiate a right turn, failing to maintain a safe distance between commercial motor vehicles, failing to maintain control of her commercial motor vehicle, failing to avoid a collision, failing to

timely apply her brakes, failing to maintain a proper lookout, violating the Federal Motor Carrier Safety Regulations, and violating Ohio Motor Vehicle Laws.

21.

As a direct and proximate result of Defendant Wood's negligence, Plaintiff suffered catastrophic physical injuries, extensive mental and physical pain and suffering, loss of enjoyment of life, duties under duress, reasonable and necessary medical expenses in an amount yet to be determined, further reasonable and necessary medical expenses to be incurred in the future, out of pocket expenses and lost wages.

## COUNT TWO: NEGLIGENCE PER SE

22.

Paragraphs 1 through 21 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

23.

The commercial motor vehicle that was owned, leased or rented by Defendant Transport America and operated by Defendant Woods was a "commercial motor vehicle" as defined by applicable transportation safety regulations prescribed by the U.S. Department of Transportation and Ohio Department of Public Safety.

24.

On July 10, 2019, Defendant Transport America and Defendant Woods had a duty to operate said commercial motor vehicle within the applicable transportation safety regulations prescribed by U.S. Department of Transportation.

25.

On July 10, 2019, Defendant Transport America and Defendant Woods had a duty to operate said commercial motor vehicle within the traffic laws prescribed by Ohio Motor Vehicle Laws.

26.

On or about July 10, 2019, Defendant Transport America and Defendant Woods had a duty to operate said commercial motor vehicle in compliance with the applicable parts of the Federal Motor Carrier Safety Regulations.

27.

Defendant Transport America and Defendant Woods were negligent and breached these duties by failing to adhere to the relevant laws and safety regulations.

28.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered catastrophic physical injuries, extensive mental and physical pain and suffering, loss of enjoyment of life, duties under duress, reasonable and necessary medical expenses in an amount yet to be determined, further reasonable and necessary medical expenses to be incurred in the future, out of pocket expenses and lost wages.

## **COUNT THREE: IMPUTED LIABILITY**

29.

Paragraphs 1 through 28 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

30.

At the time of the collision, Defendant Woods was an employee, servant and/or agent of Defendant Transport America and was operating a commercial motor vehicle owned, leased, or rented by Defendant Transport America.

31.

Defendant Woods was acting within the course and scope of her employment with Defendant Transport America when she collided with the commercial motor vehicle occupied by Plaintiff.

32.

Defendant Transport America is a motor carrier engaged in intrastate and/or interstate commerce, and pursuant to federal and state laws, Defendant Woods was operating said commercial motor vehicle under the license and authority granted to Defendant Transport America by the Department of Transportation (DOT).

33.

Under the DOT license and authority, Defendant Transport America is responsible for the actions of Defendant Woods.

34.

Accordingly, the negligent acts or omissions of Defendant Woods are imputable to Defendant Transport America under respondent superior and other theories of principal-agent, master/servant and joint enterprise law.

35.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered catastrophic physical injuries, extensive mental and physical pain and suffering, loss of enjoyment of life, duties

under duress, reasonable and necessary medical expenses in an amount yet to be determined, further reasonable and necessary medical expenses to be incurred in the future, out of pocket expenses and lost wages.

## COUNT FOUR: NEGLIGENT HIRING, ENTRUSTMENT, RETENTION, SUPERVISION, AND TRAINING

36.

Paragraphs 1 through 35 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

37.

On or about July 10, 2019, and at all times relevant herein, Defendant Transport America owed Plaintiff a duty to exercise reasonable and ordinary care for safety in hiring, training, supervising and retaining Defendant Woods, and entrustment of its commercial motor vehicles.

38.

Defendant Transport America negligently entrusted the care, custody and control of its owned, leased or rented commercial motor vehicle to Defendant Woods and negligently failed to supervise and properly train Defendant Woods.

39.

Defendant Transport America's negligent hiring, entrustment, retention, supervision, and training of Defendant Woods were a direct and proximate cause of the collision that is the subject of this litigation.

40.

As a direct and proximate result of Defendant Transport America's negligent hiring, entrustment, retention, supervision, and training of Defendant Woods, Plaintiff suffered

catastrophic physical injuries, extensive mental and physical pain and suffering, loss of enjoyment of life, duties under duress, reasonable and necessary medical expenses in an amount yet to be determined, further reasonable and necessary medical expenses to be incurred in the future, out of pocket expenses and lost wages.

### COUNT FIVE: NEGLIGENT INSPECTION, MAINTENANCE, & REPAIR

41.

Paragraphs 1 through 40 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

42.

On or about July 10, 2019, and at all times relevant herein, Defendant Transport America and Defendant Woods owed Plaintiff a duty to exercise reasonable and ordinary care for safety in inspecting, maintaining and repairing the commercial motor vehicle that is the subject of this litigation.

43.

Defendant Transport America and Defendant Woods were negligent in failing to properly inspect, maintain, and repair the commercial motor vehicle involved in the collision that is the subject of this litigation.

44.

As a direct and proximate result of Defendants' negligence in failing to inspect, maintain, and repair the commercial motor vehicle involved in the collision that is the subject of this lawsuit, Plaintiff suffered catastrophic physical injuries, extensive mental and physical pain and suffering, loss of enjoyment of life, duties under duress, reasonable and necessary medical expenses in an amount yet to be determined, further reasonable and necessary medical expenses to be incurred in

the future, out of pocket expenses and lost wages.

## **EXEMPLARY/PUNITIVE DAMAGES**

45.

Paragraphs 1 through 44 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

46.

There are aggravating circumstances present in this case. Plaintiff is entitled to recover exemplary and/or punitive damages from Defendant Transport America and Defendant Woods. The conduct and acts of Defendant Transport America and Defendant Woods evidence a willful and wanton disregard for the safety of the public and Plaintiff. Specifically, Defendants' reckless, willful and wanton actions would raise the presumption of conscious indifference to consequences such that said Defendants are liable, jointly and severally, for punitive damages.

## **JURY DEMAND**

47.

Paragraphs 1 through 46 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

48.

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues so triable.

WHEREFORE, Plaintiff respectfully requests:

a) That process issue and Defendants be served as provided by law;

b) That Plaintiff has a trial by jury;

c) That judgment be entered in favor of Plaintiff against Defendants, jointly and severally, for compensatory, special, general, punitive, exemplary, and all other permissible damages for an amount that exceeds $75,000.00; and

d) That all cost(s) be taxed against the Defendants, including attorney's fees and expenses.

Respectfully submitted, this 8th day of July, 2021.

                                      Respectfully submitted,

                                      /s/ Michael L. Wright
Michael L. Wright, #0067698
Robert L. Gresham, #0082151
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
(937) 222-7477
(937) 222-7911          FAX
mwright@yourohiolegalhelp.com
rgresham@yourohiolegalhelp.com
*Attorneys for Plaintiff*